# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **LIFEPOINT CHURCH OF SULPHUR** | **CASE NO. 2:22-CV-02080** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHURCH MUTUAL INSURANCE CO S I** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Church Mutual Insurance Company, S.I.'s Motion to Dismiss" (Doc. 8). Also before the Court is a "Motion for Oral Argument" (Doc. 12) filed by Plaintiff, Lifepoint Church of Sulphur ("Lifepoint").

## INTRODUCTION

On August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana allegedly causing damage to Lifepoint's premises.[1] During the relevant time period, Defendant Church Mutual Insurance Company, S.I. ("Church Mutual") insured Lifepoint's premises.[2] Lifepoint timely provided notice and began mitigating its loss.

On October 18, 2020, Church Mutual was given full access to inspect the insured premises.[3] On July 5, 2022, in addition to the proof of loss evidenced on inspection and other information provided, a formal proof of loss package was provided to Church Mutual. Lifepoint alleges that Church Mutual has failed to timely and reasonably adjust the loss, despite having received satisfactory proof of loss.[4]

---

[1] Complaint, ¶ 14, Doc. 1.
[2] *Id.* ¶ 11.
[3] *Id.* ¶ 28.
[4] *Id.* ¶¶ 41 and 42.

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Church Mutual complains that Lifepoint failed to comply with provisions of the policy because it submitted "a formal and sufficient proof of loss package with all evidence of the loss provided to [Church Mutual] on July 5, 2022."[5] Church Mutual asserts that there

---

[5] *Id.* ¶ 40.

are no allegations in the Complaint that these documents were provided to Church Mutual prior to July 5, 2022. Church Mutual notes that the loss statement also provided that: "[t]his correspondence serves as the Lifepointe Church of Sulphur's ... formal proof of loss related to building damage, personal property losses, and other applicable additional coverages for damages arising out of Hurricane Laura on or about August 27, 2020."[6] The loss statement has a footnote, which states the following: "This document is not to be confused as a settlement demand. It is not confidential. In the event the parties cannot come to an agreement on the loss and this summary of the proof of loss of the claim is not paid, insured intends to use this document to demonstrate insurers [sic] knowledge of the claim and their conduct thereto."[7] Also included in the loss statement is the following: "all the information and documentation necessary to timely and properly evaluate this claim[.]"[8] Later, Lifepoint's counsel state: "We have advised Lifepointe that the carrier has time in Louisiana to investigate and research costs."[9]

The loss statement had attached an estimate provided by 2 Feathers Native American Indian Affairs ("2 Feathers"), which includes a lump sum bid. The estimate contains two dates—May 31, 2021 and November 27, 2021.[10] Attached to the Estimate was a Beker engineering report, as well as Beker's reports and investigative analysis.[11]

---

[6] Defendant's exhibit A, p. 1.
[7] *Id.* p. 1, fn. 1.
[8] *Id.* p. 1.
[9] *Id.* p. 3.
[10] Defendant's exhibit A-3, pp. 1,2.
[11] Defendant's exhibit A-8.

Lifepoint also submitted invoices for repairs to Church Mutual dated from November 2, 2021 through July 8, 2021.[12]

Church Mutual asserts that Lifepoint breached certain policy provisions, including the duty to cooperate and produce certain necessary documents in order for the insurer to properly adjust the claim. Church Mutual moves to void the policy based on these material breaches. Church Mutual notes that Lifepoint had documents for over a year, which it did not provide, thus hindering Church Mutual's ability to adjust the claim. Church Mutual also complains that Lifepoint failed to provide sufficient proof of loss within 180 days of the event as required by the policy.

Lifepoint argues that Church Mutual had satisfactory proof of loss on October 18, 2020, when it inspected the property. On March 16, 2021, after three inspections with three different experts, Church Mutual denied coverage, finding that the Hurricane did not cause the damage to the roof and the damage caused by the interior moisture.

In a Rule 12(b)(6) motion, the Court focuses only on the Complaint and its attachments and considers the allegations in the Complaint, accepting them as true, and in the light most favorable to the plaintiff. In its Complaint, Lifepoint alleges that Hurricane Laura cause extensive damage to the property.[13] Lifepoint alleges that it properly and timely provided notice and began mitigating its loss.[14] Lifepoint alleges that it gave Church

---

[12] Defendant's exhibit A-7.
[13] Doc. 1, ¶ 20.
[14] *Id.*, ¶¶ 21-22.

Mutual full access to inspect the property on October 18, 2020, to view the damage to the property.[15]

Lifepoint alleges that it cooperated with Church Mutual and has sent sufficient proof of loss to Church Mutual, including the inspections as well as the proof of loss package provided on July 5, 2022.[16] Lifepoint alleges that Church Mutual has failed to timely and reasonably adjust the loss.[17]

Lifepoint informs the Court that it provided the 2 Feathers estimate to Church Mutual after three inspections by Church Mutual who then denied liability for a substantial part of its claim.

A "proof of loss" is a flexible requirement to advise the insurer of the facts of the claim. *Sevier v. U.S. Fidelity & Gar. Co.*, 497 So.2d 1380, 1384 (La. 1986). A personal inspection of an insured's property by an adjuster for the insurance company also constitutes satisfactory proof of loss. *J.R.A. Inc. Essex Ins. Co.*, 72 So.2d 862, 881 (La. App. 4 Cir. 2011).

The Court finds that based on the allegations in the Complaint, taken as true and in the light most favorable to Plaintiff, Church Mutual's Motion to Dismiss must be denied.

## CONCLUSION

For the reasons set forth herein, Church Mutual Insurance Company, S.I.'s Motion to Dismiss (Doc. 8) will be denied. The Motion for Oral Argument (doc. 12) filed by Plaintiff, Lifepoint Church of Sulphur will be denied.

---

[15] *Id.* ¶ 28.
[16] *Id.* ¶ ¶ 36-37, 40.
[17] *Id.* ¶ 42.

**THUS DONE AND SIGNED** in Chambers on this 28th day of October, 2022

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**